446 P.2d 18

**STATE of Arizona, Appellee,**

v.

**Jose Jesus URIAS, Appellant.**

**No. I CA–CR 159.**

Court of Appeals of Arizona.

Oct. 23, 1968.

Rehearing Denied Nov. 19, 1968.

**320**

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by James S. Tegart and Carl Waag, Asst. Attys. Gen., for appellee.

Cavness, DeRose, Senner & Foster, by, John W. Rood, Phoenix, for appellant.

CAMERON, Chief Judge.

This is an appeal from a verdict and judgment of guilt to the crime of illegal possession of narcotics (§ 36–1002 A.R.S.). Defendant was sentenced to a term of not less than 2 years nor more than 3 years in the Arizona State Prison.

Defendant has presented six questions for review but we feel that only three questions must be answered in the determination of this matter:

1. In a trial for possession of narcotics must the State show that the amount in possession was a usable amount?

2. Did the court fail to instruct the jury as to the elements of the offense under the facts of the case?

3. Was certain prejudicial evidence erroneously admitted?

 The facts viewed in a light most favorable to upholding the verdict and judgment, State v. Zaragosa, 6 Ariz.App. 80, 430 P.2d 426 (1967); State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967), indicate that about 9:30 p. m. on 12 January 1967 the defendant approached the rear of the premises at 1826 East Buckeye Road, Phoenix, Arizona. The defendant walked from one of the apartments on the premises towards a building which was characterized as abandoned. As the defendant neared the corner of the building he stooped down. After the defendant arose he took about three steps when he was told by Officer Hawley that he was a Police Officer and to "hold it right there". At that time the officer observed a shiny object fall from the defendant's left hand. The object fell from the defendant's hand about two feet from his left foot. The officer picked up the object, a plastic packet, and conducted a "Marquis Reagent" test on a portion of the contents. After the reagent turned purple the officer informed Urias he was under arrest for illegal possession of heroin. After the arrest, Officer Hawley further searched the area and found another packet similar to the one dropped by the defendant in a hole by the corner of the building.

 At the trial, Lucien Haag, a criminalist with the Police Crime Laboratory, was called on behalf of the State and identified the contents of the two packets as containing 533 and 582 milligrams, or a little over one-half gram each, of a substance containing 18% heroin.

WAS THIS A USABLE AMOUNT?

Our Supreme Court has stated:

" * * * where the amount of a narcotic is so small as to require a chemical analysis to detect its presence, the quantity is sufficient if usable under the known practices of narcotic addicts. We hold that only in those cases where the amount is incapable of being put to any effective use will the evidence be insuf-

ficient to support a conviction." State v. Moreno, 92 Ariz. 116, 120, 374 P.2d 872, 875 (1962). See also State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739 (1966).

The only evidence presented relating to the narcotic itself was the statement by the criminalist that there was approximately 533 milligrams and 582 milligrams of a substance containing 18% heroin by chemical analysis. There was no testimony concerning the usability of the narcotics. We fully realize that in Moreno, supra, a conviction for possession of only .2 of one milligram was sustained but there was testimony that this was, under the circumstances of that case, a usable amount. We feel that State v. Moreno, supra, requires positive evidence that the amount in possession is a usable amount. The District of Columbia Court of Appeals has adopted the rationale of State v. Moreno, supra, and concluded that:

> "Part of the government's prima facie case is to prove that a substance in defendant's possession allegedly in violation of § 33-402(a) is proscribed as a narcotic drug under the statutory scheme of narcotics control. If this substance cannot be sold, if it cannot be administered or dispensed, common sense dictates that it is not such a narcotic as contemplated by Congress to be a danger to society, the possession of which is proscribed." Edelin v. United States, 227 A.2d 395, 398 (1967).

Of course, we recognize that there are instances where proof of usability would be superfluous, especially in a case where the amount of narcotics involved is of such a large quantity that its usability is patently obvious to everyone. But in this case we are not dealing with a large quantity, we are dealing with a little over 1,000 milligrams if you add the weights of Exhibits 3 and 4 together of which 18% was heroin by analysis. To us this is such a small amount as not to be within the realm of an uninformed layman's knowledge of its usability. Thus, we feel that in line with

State v. Moreno, supra, in order to sustain a conviction for possession of narcotics, there must be evidence as to the sufficiency of the narcotic to be usable under the known practice of narcotic addicts. The State should have presented evidence on usable amount and the jury should have been instructed on the necessity of this element of the offense.

## PROPER INSTRUCTIONS

The appellant next contends that the instructions were also insufficient in that the court failed to instruct upon all the elements of the offense. The applicable portion of the instructions given by the trial court in this case reads as follows:

> "Under the statutes of Arizona, narcotic drugs means, and includes heroin. Also, under Arizona statutes, it is illegal for any person to possess any narcotic drug, except upon the written prescription of a physician, osteopath, dentist, or veterinarian, licensed to practice in this state. Possession means, on one's person or within one's control.

> "To constitute a crime, there must be a combination of an act forbidden by law, and an intent to do the act.

> "Intent may be inferred from the defendant's voluntary commission of an act forbidden by law, and it is not necessary to establish that the defendant knew his act was a violation of law."

Compare this instruction with the applicable portion of the instruction approved by the Arizona Supreme Court in State v. Moreno, supra, 92 Ariz. at page 120, 374 P.2d at page 875:

> " 'You are instructed that the elements of the crime charged, to-wit, unlawful possession of narcotics are these: One, the person charged must have been in possession of a substance; two, the substance must have been a narcotic drug; *three, the substance must have been in such quantity and quality to be susceptible of use as a narcotic;* four, the possessor must have knowledge of the possession of such substance \* \* \*.

" 'If you believe from the evidence beyond a reasonable doubt that the defendant possessed a narcotic drug known as heroin, then you are instructed the weight or amount of the drug is immaterial so long as you find that there was sufficient amount of such drug as to be usable as a narcotic.' (Emphasis Supplied)"

We realize that even though an instruction is approved by our Supreme Court any instruction which is not the same as the one approved by the Supreme Court is not necessarily incorrect. In comparing the instructions given and that approved by the Supreme Court we find that the instruction in the instant case was inadequate in that it failed not only to instruct as to the usability of the narcotic as required by State v. Moreno, supra, but also failed to advise the jury that they must find that the possessor must have knowledge of the narcotic character of the substance. Under the instruction as given, the jury was allowed to find the defendant guilty on mere possession alone without any instruction that he necessarily had knowledge of what he possessed. The facts of the case herein and the testimony of the defendant indicates the instruction should have included knowledge of possession.

Also related to the inadequacy of the given instructions is the failure of the trial court to give any instruction on constructive possession. As the facts indicated one packet was found on the ground where defendant dropped it and the other in a hole by the corner of the building. Clearly, an instruction was needed on the element of constructive possession as to the packet found in the hole by the corner of the building. Our Supreme Court has stated:

"The offense of possession of a narcotic drug requires a physical or constructive possession with actual knowledge of its presence. (citations omitted) It is not necessary the drug be found on the person of the accused but the circumstances must show he had dominion and control over it. (citations omitted)

* * * Mere presence at a place where a narcotic drug is found is insufficient to show knowledge of its presence." State v. Hunt, 91 Ariz. 149, 153, 370 P.2d 642, 645 (1962). See also Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962).

Without the instruction the jury could have believed the defendant's statement that he did not drop the packet but still convict him on the packet found in the hole even though they were not required to find first that such a conviction can only be sustained on the theory of constructive possession.

■■ Under the facts in this case the cumulative failure to properly instruct as to usable amount, knowledge, and constructive possession was reversible error even though not requested by defendant. State v. Brock, 101 Ariz. 168, 416 P.2d 601 (1966), Carroll v. State, supra. It is true that our Supreme Court has stated that instructing the jury that in every crime there must exist "a union or joint operation of act and intent" satisfied the requirement of knowledge of possession, State v. Pearson, 98 Ariz. 133, 402 P.2d 557 (1965), but we do not believe that was specifically indicated here and the portion of the instruction which stated

"[i]ntent may be inferred from the defendant's voluntary commission of an act forbidden by law, and it is not necessary to establish that the defendant knew his act was a violation of law"

when read with the instructions as a whole is misleading under the facts of the case and reversible error.

WAS PREJUDICIAL EVIDENCE ERRONEOUSLY ADMITTED?

■ Defendant further contends that it was prejudicial error to inject in the trial that a known narcotic user was on the premises prior to the arrest. The evidence was introduced by the State on rebuttal and was never connected to the defendant but to the defendant's brother. We believe this was prejudicial and on retrial can be excluded.

We do not believe that the other questions presented for review are of such a nature as will occur on a retrial and therefore do not feel that it is necessary to pass upon them in the determination of this matter.

In light of the foregoing this case is reversed and pursuant to the request of the defendant a new trial is ordered.

DONOFRIO and STEVENS, JJ., concur.