[Crim. No. 3545.   Fourth Dist., Div. One.   July 1, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. PRICE EDWIN LOCKE, Defendant and Appellant.

542

Sidney Lester and George H. Chula for Defendant and
Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael L. Abrams, Deputy Attorney General, for Plaintiff and Respondent.

AULT, J. pro tem.*—Price Edwin Locke appeals a judgment (probation order) convicting him of possessing marijuana (Health & Saf. Code, § 11530), after his case was submitted to the court on the transcript of his preliminary examination.

The police arrested Locke in the same narcotics raid which resulted in the conviction of James Henry Clay (4 Crim. No. 3544). As we noted in *Clay*, the police raid was precipitated when a federal undercover narcotics agent, Lusardi, negotiated a purchase of five pounds of hashish from a man named Amaranthus in a South Laguna Beach house. Several people, including Locke, were present in the house. Locke did not participate in the sale transaction.

■ When Lusardi saw the hashish in the house, he alerted other officers and agents who converged on the house. As Lusardi, with two other agents, approached the rear of the house, he heard shuffling, people running and shouting, and a shot being fired. The agents forced their way into the house. Here, as in *Clay*, we reject the contention the agents should have knocked, announced themselves and stated their purpose in compliance with Penal Code section 844. Noncompliance with that section is excused where the officers may reasonably believe compliance would increase their peril (a shot was fired), an arrest would be frustrated, or evidence destroyed (the running and shouting reasonably indicated an attempted escape or narcotics being destroyed) (*People v. Rosales*, 68 Cal.2d 299, 305 [66 Cal.Rptr. 1, 437 P.2d 489]).

In the living room of the house the officers arrested Locke. They saw several clear plastic bags of marijuana in the room approximately 5 to 7 feet from where Locke stood. The officers searched Locke finding a plastic bag containing a quarter to one-half ounce of very finely manicured or granulated marijuana in his front pants pocket.

■ The search of Locke was valid as incident to a lawful arrest where the officers found him in a house where the sale of a large quantity of hashish was negotiated and Locke was standing next to a sizeable quantity of marijuana in the liv-

ing room. The officers had probable cause to believe Locke possessed the marijuana in the room.

Locke's claim the substance found on his person was not established to be marijuana must fail as a trained narcotics agent testified, without objection, he recognized it as marijuana. Moreover, before submitting this case on the preliminary transcript, defense counsel and the deputy district attorney stipulated: "[DEPUTY DISTRICT ATTORNEY] "I believe at the preliminary hearing it was stipulated that the substances described therein were marijuana. These substances were marijuana only for the purpose of the preliminary hearing and we would request the stipulation be entered to the effect that the substances described as marijuana also be so described in Superior Court before his Honor in addition to the testimony present in the preliminary transcript.

"MR. LESTER: [Defense counsel] So stipulated."

Locke contends no showing was made the quarter to one-half ounce of marijuana found in his pocket was a useable amount. We hold a quarter to a half ounce of packaged marijuana is beyond that point suggested in *People* v. *Villalobos*, 245 Cal.App.2d 561, 567 [54 Cal.Rptr. 60], where a court may take judicial notice the quantity is useable.

Locke finally contends the trial court erred by not excluding evidence of the marijuana in his possession, because the People produced no evidence the search was reasonable at the special hearing on the motion to suppress and there was no stipulation the motion could be submitted on the preliminary transcript. This contention is completely spurious.

We have ordered the original superior court file lodged with this court. Examination of that file reveals that before the motion to suppress was heard, Locke's attorney filed a 14-page motion with the trial court which he entitled "Motion to Set Aside the Information under Section 995 of the Penal Code, and Motion to Suppress Evidence under Section 1538.5 of the Penal Code." In that motion, Locke's attorney recited in detail the evidence adduced at the preliminary hearing (he had theretofore lodged the transcript of that hearing with the court), and urged the court to suppress the evidence which had been seized based upon the testimony contained in the preliminary transcript. Having lodged the transcript with the court, and having formally moved the court to suppress the evidence based upon the testimony contained in that transcript, Locke is in no position to maintain that the testimony contained therein was not before the court when it ruled upon

his motion, or to complain about the absence of a formal stipulation.

The judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 17, 1969. Peters, J., was of the opinion that the petition should be granted.