CHARLES L. WATSON, APPELLANT, *v.* STATE OF NEVADA, RESPONDENT.

No. 6317

March 30, 1972                    495 P.2d 365

*J. Rayner Kjeldsen,* of Reno, for Appellant.

*Robert List,* Attorney General, and *William Macdonald,* District Attorney, Humboldt County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Charles Watson was charged by indictment with possession of marijuana. A jury found him guilty and the court has pronounced judgment upon the verdict. By this appeal he contends that the evidence is insufficient to sustain the conviction.[1] For the reasons hereafter discussed we believe that the judgment must be reversed.

The police, armed with a search warrant, entered Watson's home and discovered 17 marijuana seeds weighing but a fraction of a gram scattered on the floor in the bedroom occupied by his two teen-age daughters. No other marijuana was found in the house and none was found on his person. Watson testified that he had never possessed marijuana, used it, nor did he recognize its appearance. The expert witness for the State explained that the active ingredient of marijuana, tetrahydrocannabinol, was practically nonexistent in the seeds and that they were useless as a narcotic. Such is the relevant evidence.

1. The Uniform Narcotic Drug Act that Nevada has adopted declares it to be unlawful for any person to possess

---

[1]Other errors also are assigned but need not be considered.

any narcotic drug. NRS 453.030. Some courts hold that the word "any" is relevant to the quantity of narcotic as well as to its type, and extend the statutory ban to possession of even the most minute traces. People v. Harrington, 190 N.W.2d 343 (Mich.App. 1971); State v. Young, 427 S.W.2d 510 (Mo. 1968); State v. Dodd, 137 N.W.2d 465 (Wis. 1965); State v. Winters, 396 P.2d 872 (Utah 1964). Other courts believe that possession of minute quantities of a narcotic, useless for either sale or consumption, is an insufficient foundation upon which to sustain a conviction for possession. People v. Leal, 413 P.2d 665 (Cal. 1966); State v. Larkins, 473 P.2d 854 (Wash.App. 1970); State v. Haddock, 418 P.2d 577 (Ariz. 1966). We adopt the latter view. The charge of possession of a narcotic drug requires a union of act and intent. The intent necessary to establish the crime of possession simply does not exist when the amount is so minute as to be incapable of being applied to any use, even though chemical analysis may identify a trace of narcotics.[2]

2. Equally valid is Watson's contention that unlawful possession may not be established merely by proof that contraband was found in the bedroom customarily occupied by his daughters to which he also had access. "Guilty knowledge is not presumed. It has to be established by evidence. In a sense it can be said that one has possession of everything that is contained in the home or apartment in which he lives but this is not the sense in which 'possession' is used in the penal statute." People v. Antista, 276 P.2d 177, 179 (Cal.App. 1954); People v. Fernandez, 342 P.2d 309 (Cal.App. 1959); People v. Savage, 274 P.2d 905 (Cal.App. 1954); People v. Barnett, 257 P.2d 1041 (Cal.App. 1953); People v. Bledsoe, 171 P.2d 950 (Cal.App. 1946).

Therefore, we conclude that the judgment below must be reversed and Charles L. Watson discharged from custody. Since counsel for the appellant was appointed by the district court to handle this appeal, we direct that court to compensate counsel as provided by NRS 7.260.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.

---

[2]This case was tried before the 1971 amendment to NRS ch. 453 adding a new section: "the amount of a narcotic drug needed to sustain a conviction of a person for an offense prohibited by this chapter is that amount necessary for identification as a narcotic drug by a witness qualified to make such identification." See Stats. Nev. 1971, ch. 250.