ERNIE RAY BEUTLER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6646

December 29, 1972                    504 P.2d 699

*Barry Tarlow,* of Los Angeles, and *Fry and Fry,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City, *Howard D. McKibben,* District Attorney, and *William J. Crowell, Jr.,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Convicted on four counts of unlawful possession of narcotics and dangerous drugs in violation of NRS Ch. 453, appellant urges several reversible errors. We need only consider his assignment contesting the sufficiency of the evidence as we are constrained to hold that it is insufficient, as a matter of law, to establish the offenses charged.

Members of the Douglas County Sheriff's department acting under a challenged search warrant, entered appellant's dwelling, searched the premises and occupants, [he shared the residence with others] and seized candy, vitamin pills, debris from an ash tray, dust particles from a coffee table, a capsule from a waste basket, a match box, brown powder from a compact in the purse of a woman occupant, some "green leafy substance" from a toilet bowl, several pipes and other items. The bounty was delivered to Budd F. Rude, who testified that by chemical testing he determined that some of the items were not contraband but that he did identify (a) marijuana and its residue; that it had been smoked in the pipes at an unknown prior time; (b) LSD; (c) sodium seconal barbitol [sic] and (d) one gram of an undetermined mixture of methyl benzoylecgonine and lactose [cut cocaine].

Testimony elicited from the expert reflects that there really was not enough marijuana to weigh or to roll even one cigarette, and that he made no quantitative analysis of the seized items. There is nothing in this record to indicate, either to the trial court or to us, that the other items of identified contraband were of a sufficient quantity to be used in the customary manner to obtain a narcotic effect. The pharmacologic potency was not established and there are no statutory provisions to assist or guide the court in making that determination.

Contraband used as the basis for prosecution must be of such a quantity and quality as to be susceptible of use as a narcotic. Watson v. State, 88 Nev. 196, 495 P.2d 365 (decided March 7, 1972).[1] We cannot ascertain whether the

---

[1] The jury returned its verdict of guilty against Beutler on January 29, 1971. He was sentenced on February 18, 1971.

contraband identified by the chemist meets this test. In Hulse v. Sheriff, 88 Nev. 393, 399, 498 P.2d 1317, 1320 (decided June 29, 1972), we said that "[c]ourts cannot take judicial notice of the potency of [contraband]. . . ."

In *Watson* we said: ". . . [P]ossession of minute quantities of a narcotic, useless for either sale or consumption, is an insufficient foundation upon which to sustain a conviction for possession. . . . The charge of possession of a narcotic drug requires a union of act and intent. The intent necessary to establish the crime of possession simply does not exist when the amount is so minute as to be incapable of being applied to any use, even though chemical analysis may identify a trace of narcotics." 88 Nev. at 198, 495 P.2d at 366.[2]

Since the state has failed to meet its burden, as required by *Watson,* the conviction cannot stand. However, some of the items seized, may, upon quantitative analysis, be shown to contain a useable amount of contraband. The state shall be allowed 30 days from the issuance of the remittitur in this case to take such further proceedings against appellant with respect to the charges against him; otherwise, he shall be discharged. Cf. United States v. Tateo, 377 U.S. 463 (1964),[3] and Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971).

Reversed and remanded for further proceedings in accordance with this opinion.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDER-SON, JJ., concur.

---

[2]NRS 453.345, enacted April 9, 1971, and effective until January 1, 1972, permits conviction if there is an *identifiable amount* of contraband. See Stats. of Nev. 1971, ch. 250, p. 359. The entire Uniform Narcotic Drug Act, Stats. of Nev. 1937, ch. 23, was supplanted by the Uniform Controlled Substances Act, Stats. of Nev. 1971, ch. 667, p. 1999 et seq., effective January 1, 1972.

[3]". . . [T]he practice of retrial serves defendants' rights as well as society's interest." 377 U.S. at 466.