SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. JOHNNY BENSON, Respondent.

No. 7028

May 9, 1973                    509 P.2d 554

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Brian L. Green-spun,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

The respondent, Johnny Benson, successfully petitioned the district court for habeas corpus and in this appeal the state's sole contention is that the trial court erred in its interpretation of the law that was in effect at the time of the alleged offense.

At approximately 11:15 p.m. on February 4, 1972, Las Vegas police officer Eugene Jones, accompanied by several other officers, made a routine check of the Friendly Liquor Store in Las Vegas, Nevada. The record reveals that when Jones entered the store a man came out of the ladies rest room. Upon seeing the police officers this man, who was well known to them, attempted to make a hasty exit from the liquor store but was apprehended. Meanwhile officer Jones, together with officer Mouliot, entered the ladies rest room. Upon entry they saw a man, with one sleeve rolled up, and Benson, who was holding a syringe in one hand and a "very small" black bottle cap, which contained a little cotton ball, in the other hand. The syringe and bottle cap which were dropped to the floor, were confiscated by the officers and turned over to Richard Renner, a police chemist. Benson was arrested and charged with the

possession of a controlled substance in violation of NRS ch. 453.

At the preliminary examination Renner, whose qualifications were stipulated, testified that by pouring alcohol into the bottle cap he dissolved the residue caked therein and from the tests made on the dissolved solution he was able to identify diacetylmorphine, commonly known as heroin. At the conclusion of the preliminary examination Benson was ordered to stand trial for the offense charged.

Benson argued at the habeas proceeding, and, again in this court, that he did not possess a useable amount of the controlled substance and therefore the intent required by NRS 193.190 is lacking. The trial judge agreed and when the charges were dismissed ruled that "[t]he holding of Watson v. State [88 Nev. 196, 495 P.2d 365 (1972)] . . . that the intent necessary to commit the crime of possession does not exist where the amount is so minute as to be incapable of any use even though chemical analysis may identify a trace of narcotics, has not been altered by NRS 453.570, which legislates not to the amount necessary for intent, but as to the amount necessary for the act of possession."

Effective January 1, 1972, the Uniform Narcotic Drug Act, Stats. of Nev. 1937, ch. 23, was supplanted by the Uniform Controlled Substances Act, Stats. of Nev. 1971, ch. 667, p. 1999 et seq. In Watson v. State, 88 Nev. 196, 495 P.2d 365 (1972) we construed the Uniform Narcotic Drug Act, (repealed effective January 1, 1972) and held that "[t]he intent necessary to establish the crime of possession simply does not exist when the amount [of contraband] is so minute as to be incapable of being applied to any use, even though chemical analysis may identify a trace of narcotics." In Beutler v. State, 88 Nev. 707, 504 P.2d 699 (1972), we applied the same rationale. However, in both *Watson* and *Beutler* the offenses charged predated the enactment of Stats. of Nev. 1971, ch. 250, p. 359.[1] Here the charged offense occurred February 4, 1972. The law applicable in this case provides that "[t]he amount of a controlled substance needed to sustain a conviction of a person for an offense prohibited by this chapter is

---

[1]Stats. of Nev. 1971, ch. 250, p. 359, effective April 9, 1971, was codified as NRS 453.345 and made a part of the Uniform Narcotic Drug Act. The enactment was recodified as NRS 453.570 and placed with the Uniform Controlled Substances Act, effective January 1, 1972. Our opinions in Watson v. State, 88 Nev. 196, 495 P.2d 365 (1972), and Beutler v. State, 88 Nev. 707, 504 P.2d 699 (1972), noted the statutory changes.

*that amount necessary for identification* as a controlled sub-, stance by a witness qualified to make such identification.". [Emphasis added] NRS 453.570.

· "In every crime or public offense there must exist a union, or joint operation of act and intention, . . ." NRS 193.190. In this case we need not decide if, pursuant to NRS 453.570, the mere possession of an identifiable amount of contraband is sufficient to supply the intent required by NRS 193.190.

■■

The quantity of controlled substance to support the intent necessary to establish the crime of possession is vital only in the absence of other evidence of intent. Watson v. State, supra and Beutler v. State, supra. When there is present in the record other evidence of intent to commit an offense prohibited by NRS ch. 453, then all that is needed to sustain a conviction is that amount of controlled substance necessary for identification. Where there is a total absence of other evidence to establish the intent to commit an offense prohibited by NRS ch. 453 then the rule announced in *Watson* is controlling. Here the presence of the man with his sleeve rolled up and Benson there with a syringe in one hand and the bottle cap with a residue identifiable as heroin in the other, is sufficient, to establish the necessary intent to support the order of the magistrate to hold Benson for trial.

The trial court misapplied the rule of *Watson*. The order of the trial court dismissing the charges against Johnny Benson is reversed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZEN-OFF, JJ., concur.