Ronald **FOREMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47366.

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Rehearing Denied March 6, 1974.

Warren E. Hancock, Jr. (Court appointed on appeal), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough & Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for the offense of robbery by assault; punishment, enhanced under Article 62, Vernon's Ann. P.C., was assessed at life.

The sufficiency of the evidence is not challenged.

Initially appellant challenges the trial court's action in admitting his confession into evidence. Upon objection, the trial court conducted a hearing outside the presence of the jury to determine the circumstances surrounding the taking of the confession in order to rule upon its admissibility.

Appellant contends his confession was induced by threats and by promises by the interrogating officer that if he confessed to the instant offense, certain other charges would not be filed against him and no enhancement count would be filed.

The interrogating officer testified that appellant was taken into custody by

the Pasadena Police from the Baytown Police at 1:50 P.M. and made his statement less than nine hours later at 10:30; that appellant was given his warnings several times, including once by a magistrate in Baytown, once upon being taken into custody by the Pasadena Police, and once just before his statement was taken; and that during this time period appellant was permitted to make and did make five separate phone calls. He also testified that no force or threats of force were used upon appellant, that he did not appear to be injured or abused, and that he never complained of being injured or abused. He further testified that appellant initiated the conversation concerning how many charges would be filed against him and whether he would be filed upon as an habitual offender, and that in response to appellant's inquiries, he was told that the decision had to come out of the District Attorney's office, and that he, the interrogating officer, had no control over whether he would be filed upon as an habitual. We conclude the trial court properly ruled the confession admissible.

■ Appellant also contends the trial court erred in not making an independent finding that the confession was voluntary. Subsequent to appellant's brief being filed in the trial court and prior to transmittal of the record to this Court, the trial judge filed his written findings wherein he found the challenged confession was voluntarily made. This was sufficient. Davis v. State, Tex.Cr.App., 499 S.W.2d 303, 307 (on motion for rehearing).

■ Appellant further contends the confession was inadmissible because it was not properly qualified under Article 3737e, Vernon's Ann.Civ.St., the Business Records Act. We find such contention to be without merit, the writing having been introduced not as a business record, but as a confession. Article 38.21, Vernon's Ann.C.C.P.

Appellant by his next ground of error contends the trial court erred in refusing to suppress the in-court identification of appellant by Betty Gayneaux, the victim of the robbery. Prior to the in-court identification, appellant moved for suppression of the identification on the ground that any such identification would be tainted by the out-of-court line-up identification. At appellant's request a hearing was conducted outside the presence of the jury following which the court denied appellant's motion to suppress. Cf. Jordan v. State, Tex.Cr. App., 495 S.W.2d 949.

Upon the hearing on the motion, appellant made no offer of witnesses or evidence other than the examination of Gayneaux. Upon denying the motion the court stated appellant could complete his record later if he desired, to which counsel replied "It is not necessary, sir." Although further evidence regarding the line-up does appear at later points throughout the record, appellant never re-urged his motion to suppress or sought to have the in-court identification stricken and the jury instructed to disregard. The State did not make the first offer before the jury of evidence of the challenged line-up; but elicited testimony in regard thereto only after appellant's counsel brought it before the jury. Although appellant urges on appeal that he was denied counsel at his line-up, such claim was never raised at trial, and the only evidence regarding the presence of counsel at the line-up was testimony by the officer that appellant signed a waiver of right to counsel, submitted long after the conclusion of the hearing and the trial court's ruling thereon.

■ It is not for this court to speculate upon what counsel's trial strategy may be in any given case. Counsel having properly objected to the in-court identification and obtained a ruling thereon, the issue was preserved for review by this court. However, only such grounds as were urged in the trial court are before us. Cf. Holmes v. State, Tex.Cr.App., 493 S.W.2d 795. Accordingly, we will consider this ground of error on the basis of the ground urged before the trial court and the record

as it existed at the time the trial court ruled thereon.

■ The witness testified that she had not seen pictures of appellant on television or in the newspapers; that she was not told who to pick or if she had picked the "right one" at the line-up; that she did not see him at the police station prior to the line-up; that she stood face-to-face with him at the time of the robbery; that she would never forget his face; and that she could identify him independent of any line-up. We conclude the trial court properly overruled appellant's motion to suppress.

■ Finally, appellant contends the trial court did not have jurisdiction to try him because the trial judge was assigned pursuant to Article 200a, V.A.C.S., and that his being tried under such assignment denied him due process of law and equal protection of the law. These contentions have been considered and found to be without merit. Peach v. State, Tex.Cr.App., 498 S.W.2d 192; Lewis v. State, Tex.Cr. App., 481 S.W.2d 139; Buchanan v. State, Tex.Cr.App., 471 S.W.2d 401.

The judgment is affirmed.