Raleigh LEJEUNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 49404.

Court of Criminal Appeals of Texas.

July 14, 1976.

See also, Tex.Cr.App., 540 S.W.2d 701.

Bill Pedersen, Jr., Nacogdoches, for appellant (on appeal only).

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appeal is taken from an order revoking probation.

On June 19, 1973, appellant pleaded guilty before the court to the offense of assault with intent to murder. Punishment was assessed at three (3) years, but the imposition of sentence was suspended and appellant was granted probation.

One of the conditions of probation was that appellant "Commit no offense against the laws of this or any other State . . . ."

On February 22, 1974, the State filed a motion to revoke appellant's probation, alleging that appellant "on or about the 20th day of February, 1974, did then and there unlawfully, knowingly and intentionally possess a *usable* quantity of marihuana of less than two ounces." (Emphasis Supplied)

The record reflects that after a hearing was held on the motion to revoke on May 31, 1974, the court entered its order, finding that appellant had violated "condition (b),

to-wit: Commit no offense against the laws of this or any other state of the United States, the defendant . . . did then and there unlawfully, knowingly and intentionally possess *a usable quantity* of marihuana of less than two ounces." (Emphasis Supplied)

Archie McKnight, a Nacogdoches police officer, testified that on February 20, 1974, he observed the appellant hitchhiking and stopped his patrol car to pick the appellant up. When McKnight learned appellant's name, McKnight told appellant he was under arrest as there were outstanding arrest warrants for traffic offenses. Upon arrival at the police station, he observed the appellant to throw something to the ground as he got out of the patrol car. McKnight picked up the object, and it appeared to be a baggie of marihuana. It was sent to the Department of Public Safety Laboratory in Tyler. Claude Latta, chemist at said laboratory, testified that his examination of the substance in the baggie showed it to be marihuana and that the weight of the substance was 7.7 grams or "a little over a quarter of an ounce." He did not testify, nor was he asked if the amount was a usable amount or quantity.

Appellant urges that no violation of a penal law has been shown since it was not shown as alleged in the revocation motion that the marihuana in question was a usable quantity as required by Article 4476–15, Sec. 4.05, Vernon's Ann.C.S. (Controlled Substances Act).

The pertinent portion of said Section 4.05 provides:

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses *a usable quantity* of marihuana.

"(b) An offense under Subsection (a) of this section is:

"(1) a felony of the third degree if he possesses more than four ounces;

"(2) a Class A misdemeanor if he possesses four ounces or less but more than two ounces;

"(3) a Class B misdemeanor if he possesses two ounces or less." (Emphasis Supplied)

It is clear from the above that the elements of the offense of possession of marihuana are (1) a person (2) did knowingly or intentionally (3) possess (4) a usable quantity of (5) marihuana (6) amount possessed in ounces as set forth in statute. See 4 Branch's Tex.Anno., 3rd ed. (Auxiliary Penal Statutes), Penal Statutes, p. 215.

In the instant case the State recognized that a usable quantity was a necessary element of the offense when it so alleged in the revocation motion that appellant possessed a usable quantity of marihuana.

The wording of said Section 4.05 of the Controlled Substances Act does not reveal the legislative intent for the inclusion of the "usable quantity" requirement for possession of marihuana, and since the section is part of a comprehensive act, none of the usual sources for determining legislative intent is readily apparent. It appears though the Legislature intended to eliminate from criminal penalty the possession of "trace" amounts of marihuana. In construing former Article 725b, Vernon's Ann.P.C., concerning possession of narcotics and which provided possession of any quantity of marihuana was sufficient, this court in *Pelham v. State*, 164 Tex.Cr.R. 226, 298 S.W.2d 171 (1957), held that to constitute a violation, the amount of marihuana possessed must be "such as is capable of being applied to the use commonly made thereof." The court noted that marihuana was mostly commonly smoked in a cigarette. Under this test a number of convictions were upheld where only small amounts of marihuana were involved, e. g., *Parson v. State*, 432 S.W.2d 89 (Tex.Cr.App.1968) (1.41 grams of marihuana); *Tuttle v. State*, 410 S.W.2d 780 (Tex.Cr.App.1966) (63 milligrams of marihuana); *Mitchell v. State*, 482 S.W.2d 223 (Tex.Cr.App.1972) (.0074 grams of marihuana). See also and cf. *Taylor v. State*, 505 S.W.2d 927 (Tex.Cr.App.1974); *Terrill v. State*, 531 S.W.2d 642 (Tex.Cr.App.1976).

In *Reyes v. State*, 480 S.W.2d 373 (Tex.Cr.App.1972), the court held that the court-

imposed minimum quantity requirement of *Pelham* did not apply to cases where the accused *knowingly* possessed the narcotic.

With these precedents in mind, it appears the Legislature in enacting Section 4.05 of the Controlled Substances Act sought to overrule the holding in *Reyes*, supra, for it established a minimum quantity requirement (usable quantity) which applies even when the drug is *knowingly* possessed.

■ While it can be assumed that the requirement of a "usable quantity" was intended to eliminate prosecutions for "trace" possession of marihuana, it is observed that proof of "usable quantity" was not limited by the statute to cases involving possession of under two ounces of marihuana. As drafted, the statute requires proof of a "usable quantity" in all possession cases regardless of the amount possessed.

■ Worthy of note is the fact that said Section 4.05(d), dealing with delivery of marihuana, does not require delivery of a "usable quantity" to constitute an offense. Perhaps the Legislature was satisfied with the prior holdings of this court under the former statute that where the *sale* of a narcotic drug was involved the quantity of the narcotic sold is irrelevant. *Carter v. State*, 480 S.W.2d 735 (Tex.Cr.App.1972); *Bryant v. State*, 492 S.W.2d 947 (Tex.Cr. App.1973). Both the possession and the delivery of marihuana require the element of "knowingly or intentionally." The rationale for including the "usable quantity" requirement for possession of marihuana but not for delivery of marihuana is unclear.[1] It would seem that unless the quantity delivered was sufficient to constitute a "usable quantity" the delivery of a lesser amount would not create any opportunity for drug abuse. Despite this, delivery of any quantity, whether "usable" or not, is sufficient if knowingly or intentionally

done, to constitute the offense of delivery of marihuana.

The question presented is whether this revocation of probation may be sustained in absence of testimony from the chemist, other qualified witness or stipulation that the marihuana involved was a "usable quantity." The amount of marihuana, of course, was shown to be "a little over a quarter of an ounce," or 7.7 grams. May this court take judicial notice that this amount is a usable quantity?

Our research reveals that with the notable exception of California no other State courts have allowed the minimum quantity of marihuana to be proved by the use of judicial notice. In *People v. Villalobos*, 245 Cal.App.2d 561, 54 Cal.Rptr. 60 (Dist.Ct. of App., 2nd Dist., Div. 4—1966), the court stated:

"Assuming that, at some point, a trial court and we could take judicial notice that a given quantity of narcotic, or a narcotic in a certain condition of packaging (as, for example, a marijuana cigarette), was usable, the 50 milligrams herein involved, scraped from a pocket, does not reach that status. If, in fact, it was a usable quantity, the burden was on the prosecution to prove that fact. Understandably, no such attempt was here made and the remarks above quoted make it clear that that issue had not occurred to the trial court as a matter calling for its factual determination. Because of this deficiency in proof, the case must be remanded for a new trial."

In *People v. Locke*, 274 Cal.App.2d 541, 79 Cal.Rptr. 367 (Ct. of App., 4th Dist., Div. 1—1969), the court stated:

"Locke contends no showing was made the quarter to one-half ounce of marijuana found in his pocket was a useable amount. We hold a quarter to a half ounce of packaged marijuana is beyond

---

1. Our research of State and Federal drug laws reveals only one other statute with any provision similar to our "usable quantity" requirement. Nevada Revised Statute, Sec. 453.570 (Supp.1971), provides:

"[t]he amount of a narcotic drug needed to sustain a conviction of a person for an of-

fense prohibited by this chapter is *that amount necessary for identification* as a narcotic drug *by a witness qualified* to make such identification." (Emphasis Supplied)

The provisions of such statute were noted in *Sheriff, Clark County v. Benson*, 89 Nev. 160, 509 P.2d 554 (1973).

that point suggested in *People v. Villalobos*, 245 Cal.App.2d 561, 567, 54 Cal.Rptr. 60, where a court may take judicial notice the quantity is useable."

There was no other discussion as to the judicial notice issue.

In *People v. Valerio*, 13 Cal.App.3d 912, 92 Cal.Rptr. 82 (Ct. of App., 4th Dist., Div. 2—1970), the court stated:

"There was testimony that the fragments, the partially smoked cigarette and the bags of marijuana together constituted a usable amount, but there was no testimony as to whether the fragments themselves or the partially smoked cigarette itself constituted a usable quantity of marijuana. In the absence of such testimony, it may not be inferred that the fragments constituted a usable quantity (*People v. Leal*, 64 Cal.2d 504, 512, 50 Cal.Rptr. 777, 413 P.2d 665; *People v. Villalobos*, 245 Cal.App.2d 561, 567, 54 Cal.Rptr. 60), but, inasmuch as the marijuana cigarette was only partially smoked and the remaining portion was approximately one and one-half inches long, it may be inferred that it constituted a usable quantity (*People v. Locke*, 274 Cal. App.2d 541, 544, 79 Cal.Rptr. 367; *People v. Villalobos*, supra)."

Several Arizona cases, though never dealing precisely with the situation where judicial notice was taken, contain dicta which seems to indicate that judicial notice would be proper in certain cases. In *State v. Urias*, 8 Ariz.App. 319, 446 P.2d 18 (1968), the Arizona Court of Appeals reversed a conviction for illegal possession of narcotics where the contents of two packets were shown to be 533 and 582 milligrams, a little over one-half gram each, of a substance containing 18% heroin. The court stated:

"Of course, we recognize that there are instances where proof of usability would be superfluous, especially in a case where the amount of narcotics involved is of such a large quantity that its usability is patently obvious to everyone. But in this case we are not dealing with a large quantity, we are dealing with a little over 1,000 milligrams if you add the weights of Exhibits 3 and 4 together of which 18% was heroin by analysis. To us this is such a small amount as not to be within the realm of an uninformed layman's knowledge of its usability. Thus, we feel that in line with *State v. Moreno*, supra [92 Ariz. 116, 120, 374 P.2d 872, 875 (1962)], in order to sustain a conviction for possession of narcotics, there must be evidence as to the sufficiency of the narcotic to be usable under the known practice of narcotic addicts. The State should have presented evidence on usable amount and the jury should have been instructed on the necessity of this element of the offense." See and cf. *State v. Quinones*, 105 Ariz. 380, 465 P.2d 360 (1970); *State v. Moreno*, supra.

In *Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr.App.), this day decided, the majority in a direct appeal from a conviction for possession of not more than two ounces of marihuana noted that the evidence showed there was a half ounce of marihuana found. There was no direct testimony offered that this was a usable amount, and Carmouche complained that there was a lack of proof on this element of the offense. The opinion noted that in Section 4.05(f) of the Controlled Substances Act concerning delivery of marihuana the Legislature had recognized that one-fourth ounce was a usable amount, and that proof of one-half ounce was sufficient to establish that Carmouche possessed a usable quantity of marihuana. While the term "judicial notice" was not used, the California case of *People v. Locke*, supra, was cited. It is clear from that opinion that where at least one-fourth ounce of marihuana is possessed the court will take judicial notice or infer that there was a usable quantity of marihuana, even in absence of testimony as to usability. The opinion leaves open the question of whether the court will infer that the evidence is sufficient where the amount possessed is less than one-fourth ounce and the State fails to offer any evidence to show that it was a usable quantity.

In light of *Carmouche* we hold that evidence in the instant case showing

that the appellant possessed "a little over a quarter of an ounce" is sufficient to establish that it was a usable quantity of marihuana. While the State could have easily removed the question from this case by simply asking the chemist or other qualified witness whether the amount involved was a usable quantity, it would now be absurd to reverse this conviction so that such testimony could be produced where in light of the amount involved proof of usability would be superfluous. It should be patently obvious to everyone that "a little over a quarter of an ounce" or 7.7 grams is sufficient for use in a cigarette, the use most commonly made of marihuana, *Pelham v. State*, supra, or in a pipe. Further, the trial court in the instant case in its findings found that there was a "usable quantity."

In McCormick and Ray, Texas Practice, 2nd ed., Evidence, Sec. 151, p. 170, the theory of judicial notice is discussed in part as follows:

> "The doctrine is one of common sense. The theory is that, where a fact is well known by all reasonably intelligent people in the community or its existence is so easily determinable with certainty from sources considered reliable, it would not be good sense to require formal proof. In such situations the judge is justified in declaring the truth of the fact without any evidence from the party."

Our holding today does not draw a boundary line between quantities of marihuana below a quarter of an ounce of marihuana which in the future could properly be judicially noticed or inferred as a "usable quantity" and those which could not. Hopefully prosecutors in the future, since expert witness testimony is necessary in most cases to establish the substance in question is marihuana, will take a few seconds longer to establish through such witness that the amount of marihuana involved is a "usable quantity."

Next appellant complains the trial court erred in admitting into evidence State's Exhibit # 1, the envelope containing the marihuana, because the proper chain of custody was not established. Further, he claims that there was no showing that the marihuana discovered and that tested at the laboratory was the same marihuana. We find no objection to the introduction of the marihuana on the grounds now urged. Absent a timely objection to the introduction of evidence, nothing is presented for review on appeal. *Ballard v. State*, 519 S.W.2d 426 (Tex.Cr.App.1975); *Hoffman v. State*, 514 S.W.2d 248 (Tex.Cr. App.1974); *Arivette v. State*, 513 S.W.2d 857 (Tex.Cr.App.1974); *Booth v. State*, 499 S.W.2d 129, 135 (Tex.Cr.App.1973); *Palmer v. State*, 475 S.W.2d 797, 800 (Tex.Cr.App. 1972). Only such grounds as were urged in the trial court may be presented for review in this court. *Foreman v. State*, 505 S.W.2d 564, 566 (Tex.Cr.App.1974). Having made no objection at the time of the introduction of the evidence, the error, if any, in admitting the same is waived. *Lopez v. State*, 468 S.W.2d 365, 367 (Tex.Cr.App.1971).

For the same reasons we find no merit in appellant's contention that he was arrested under an invalid arrest warrant and the court erred in allowing any evidence or testimony as a result of his arrest. We again observe that there was no objection on the ground now urged, and nothing is presented for review. Further, we observe that the marihuana was not seized as a result of a search incident to arrest, but was found in plain view. *Casarez v. State*, 504 S.W.2d 847 (Tex.Cr.App.1974).

Lastly appellant complains that the State made no showing that he was ever apprised of his probationary conditions. Once again we find no objection on this ground urged at the time of the revocation hearing. Nothing is presented for review. We further observe that in the record is a copy of the conditions with appellant's signature verifying a receipt of the same.

Finding no reversible error, the judgment is affirmed.

ODOM, Judge (dissenting).

I dissent to the majority's disposition of this case. I would reverse the order revok-

ing probation for the reasons set forth in the opinion prepared for the Court by Commissioner Davis, and adopt that opinion, which follows, as a statement of the grounds for my dissent.

"Appeal is taken from an order revoking probation.

"On June 19, 1973, appellant pleaded guilty before the court to the offense of assault with intent to murder. Punishment was assessed at three (3) years, but the imposition of sentence was suspended and appellant was granted probation.

"One of the conditions of probation was that appellant 'commit no offense against the laws of this or any other State. . . . '

"On February 22, 1974, the State filed a motion to revoke appellant's probation, alleging that appellant 'on or about the 20th day of February, 1974, did then and there unlawfully, knowingly, and intentionally possess a usable quantity of marihuana of less than two ounces.'

"The record reflects that after a hearing was held on the motion to revoke on May 31, 1974, the court entered its order finding that appellant had violated 'condition (b), to wit: Commit no offense against the laws of this or any other State of the United States, the defendant . . . did then and there unlawfully, knowingly and intentionally possess a usable quantity of marihuana of less than two ounces.'

"Archie McKnight, a member of the Nacogdoches Police Department, testified that he arrested appellant on a warrant for a traffic violation on February 20, 1974. Upon arrival at the police station, McKnight observed appellant throw something to the ground as he got out of the patrol car. McKnight picked up the object appellant threw to the ground. It appeared to be a baggie of marihuana, and McKnight sent same to the Department of Public Safety Laboratory in Tyler. Claude Latta, chemist at said laboratory, testified that his examination revealed that the baggie in question contained 7.7 grams of marihuana.

"Appellant urges that no violation of the law has been proven in that the marihuana alleged to have been possessed by appellant is not shown to be a usable quantity of marihuana.

"The pertinent portion of Section 4.05 of the Controlled Substances Act (effective August 27, 1973), provides:

"'(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally *possesses a usable quantity* of marihuana.

(b) An offense under Subsection (a) of this section is:

(1) a felony of the third degree if he possesses more than four ounces;

(2) a Class A misdemeanor if he possesses four ounces or less but more than two ounces;

(3) a Class B misdemeanor if he possesses two ounces or less.'" (Emphasis supplied)

"Prior to the Controlled Substances Act, this Court in *Reyes v. State*, 480 S.W.2d 373, held that under Art. 725b, V.A.P.C. (effective until August 27, 1973), that the basic element which the State must prove is that the accused intended to violate the law by possessing a narcotic drug. Under 725b, V.A.P.C., possession of lesser amounts of marihuana than that alleged to have been possessed by appellant in the instant case was held sufficient to support a conviction. E. g. *Parson v. State*, 432 S.W.2d 89 (1.41 grams of marihuana); *Tuttle v. State*, 410 S.W.2d 780 (63 milligrams of marihuana); *Mitchell v. State*, 482 S.W.2d 223 (.0074 grams of marihuana). See and cf. *Taylor v. State*, 505 S.W.2d 927. In the instant case, appellant is charged with an amount less than two ounces. Possession of less than two ounces is the least offense denominated under Sec. 4.05, supra. However, before such possession constitutes an offense, an additional element must be proven. Implicit in Sec. 4.05, supra, is the requirement that the amount of marihuana possessed be a *usable quantity*.

"The State alleged as a basis for revocation of appellant's probation that he violated a law of this State by possessing a usable

quantity of marihuana, less than two ounces. The proof offered by the State reflects that appellant possessed 7.7 grams of marihuana, but the record is devoid of evidence that such is a *usable quantity*. The State having failed to prove an essential element of the offense alleged as a basis for revocation, we conclude that the trial court abused its discretion in revoking appellant's probation.

"The order of revocation is reversed and the cause remanded."

I dissent.

ROBERTS, J., joins in this dissent.