Young, J.,
concurring in part and dissenting in part:
I agree with the majority insofar as it affirms the district court. I dissent, however, because the State has failed to show that the district court committed substantial error in determining that probable cause did not exist to commit Shade to trial.
For good reason, this court has traditionally given great deference to the findings and conclusions of the district court when reviewing a grant of habeas corpus:
Considerations of judicial efficiency provide an independent basis in support of our reluctance to review probable cause factual determinations in pretrial matters. Although we have recognized that there is a different degree of finality between the denial and granting of habeas relief, broad review by this Court of factual issues related to probable cause would in many instances be inconsistent with sound judicial administration.
The trial court is the most appropriate forum in which to determine factually whether or not probable cause exists. Absent a showing of substantial error on the part of the *831 district court in reaching such determinations, this court will not overturn the granting of pretrial habeas petitions for lack of probable cause.
Sheriff v. Provenza, 97 Nev. 346, 347, 630 P.2d 265, 265 (1981) (citations omitted).
The majority concedes that to hold an accused for possession, it is necessary to show both dominion and control over the contraband and knowledge of the narcotic character of the substance possessed. A superficial examination of the facts presented in the instant case might easily convince the unsophisticated observer that Shade indeed possessed — i.e., exercised dominion and control over — the contraband. Possession, however, requires knowledge of that possession: “[A] person is in possession of a narcotic when it is under his dominion and control, and, to his knowledge ... is carried on his person or is in his presence . . . .” Doyle v. State, 82 Nev. 242, 244 n.1, 415 P.2d 323, 324 n.1 (1966) (emphasis added). Further, “[g]uilty knowledge is not presumed. It has to be established by evidence. In a sense it can be said that one has possession of everything that is contained in [his home] but this is not the sense in which ‘possession’ is used in the penal statute.” Watson v. State, 88 Nev. 196, 198, 495 P.2d 365, 366 (1972) (quoting People v. Antista, 276 P.2d 177, 179 (Cal.App. 1954)).
The record is completely void of evidence that Shade knew of his control and dominion of the substance. Likewise, the State presented no evidence that Shade knew of the narcotic nature of the contraband allegedly in his possession. In my opinion, therefore, the district court properly granted Shade’s habeas petition.
Probable cause may be based on slight or marginal evidence. Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). Having reviewed the record, I am unconvinced that the State has met this level of proof. Because of the lack of evidence mar-shalled against Shade, I am unable to conclude that the district court’s conclusion resulted from substantial error. I would therefore affirm the district court in all respects.