COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 PAUL
 KOUMIJIAN,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00243-CR
  
 Appeal from the
  
 120th District Court
  
 of El Paso County, Texas 
  
 (TC# 20010D00128) 
  
 
 


 

O P I N I O N

 

Paul Koumijian appeals his conviction
for possession of a controlled substance while in a correctional facility, for
which he was sentenced to 28 years in the Texas Department of Criminal Justice.

Facts 









Paul Koumijian was indicted on
January 18, 2001 for possession of a prohibited substance in a correctional
facility.  The indictment alleged that on
October 8, 2000 Koumijian Adid then and there intentionally and knowingly possess a
controlled substance, namely MARIJUANA, while in a correctional facility,
to-wit:  El Paso County Detention
Facility.@ 
The indictment also contained two enhancement paragraphs.  Koumijian pleaded not guilty to the charge.

Sergeant Alberto Telles testified
first at the trial that commenced May 14, 2001. 
Sergeant Telles testified that on October 8, 2000, he was working as a
corporal at the El Paso County Detention Facility.  That morning, he and Officer Daniel Thompson
were doing an inspection of cell block 590. 
Both officers smelled marijuana coming from the cell block.  Their supervisor, Sergeant Simmon, was
notified, and Sergeant Simmon permitted an unscheduled shakedown of the cell
block, whereby a surprise inspection of the cell and its inhabitants was
conducted.

Sergeant Telles testified that no
drugs were found after an initial search of the inmates and the cell block
itself.  After a strip search of
Koumijian, however, Officer Edgar Baca found marijuana, which Telles described
as a green leafy substance in a plastic bag. 
All of the other inmates were searched, but no other drugs were found.

Officer Thompson, who had also
inspected the cell block, confirmed Telles=s rendition of the events.  In addition, Officer Thompson stated that he
noticed Koumijian smelled more strongly of marijuana than the other inmates.

Officer Baca testified that Koumijian
smelled of marijuana as he came out for the shakedown; although the entire
floor smelled of marijuana, the odor on Koumijian was very strong.








It was Officer Baca who instructed
Koumijian to take off his underwear. 
When Koumijian complied, a bag fell out and landed by Koumijian=s feet.  Officer Baca alleged that Koumijian then
said, AThat=s not mine.@ 
The State submitted the confiscated marijuana into evidence and also
presented evidence that the amount of marijuana recovered was 0.47 ounces
(13.42 grams).

Koumijian was the final witness.  He discussed his prior Texas convictions for
possession of marijuana, theft, and possession of methamphetamines, and various
crimes he had committed while living in Massachusetts.  He admitted that he had the marijuana on him
when he was incarcerated.  However, he
argued, he had not taken it into the facility voluntarily or intentionally
because he had been forcibly taken to the facility after his arrest on an
unrelated charge.

After the close of argument, the jury
found Koumijian guilty.  Koumijian
pleaded true to the enhancement paragraphs and was sentenced to 28 years of
confinement in the Texas Department of Criminal Justice.

Legal sufficiency--usable amount

In his first point of error,
appellant argues that the evidence is legally insufficient that he possessed a
controlled substance.








On review for legal sufficiency, we
view evidence in the light most favorable to the verdict.  A rational trier of fact must have been able
to find the element of the offense beyond a reasonable doubt.  Teer v. State, 923 S.W.2d 11, 17 (Tex.
Crim. App. 1996) (adopting Jackson v. Virginia, 443 U.S. 307, 319, 99
S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). 
All of the evidence and any reasonable inferences produced therefrom
must be reviewed.  Id.  The reviewing court=s only function is to ensure the
rationality of the fact finder.  Id.  As Williams v. State, 827 S.W.2d 614
(Tex. App.--Houston [1st Dist.] 1992, pet. ref=d) noted, AIf there is evidence that establishes
guilt, beyond a reasonable doubt, and if the trier of fact believes that
evidence, [the reviewing court] is not in a position to reverse the judgment on
sufficiency of evidence grounds.@ 
Id. at 616.  The fact
finder=s conclusions are given great
deference, because he is better able to make a determination of credibility,
because he has the distinct advantage of viewing the evidence live and seeing
the demeanor and expressions of the witnesses. 
Teer, 923 S.W.2d at 19.








Appellant was convicted under Tex. Penal Code Ann. ' 38.11, wherein A[a] person commits an offense if the
person possesses a controlled substance or dangerous drug while . . . in a
correctional facility,@ Tex. Penal Code Ann.
' 38.11(d)(2) (Vernon Supp.
2002).  AControlled substance@ is defined by section 481.002 of the
Health and Safety Code.  Tex. Penal Code Ann. ' 1.07(a)(12) (Vernon 1994).  The Health and Safety Code, in turn, defines
a controlled substance as Aa substance, including a drug, an adulterant, and a dilutant,
listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 4.@ 
Tex. Health & Safety Code
Ann. ' 481.002(5) (Vernon Supp. 2002).   Marijuana was a Schedule I hallucinogenic
substance both when the incident occurred and when appellant was indicted,
Schedules of Controlled Substances, 24 Tex. Reg. 12124 (1999); Schedules of
Controlled Substances, 26 Tex. Reg. 796 (2001); see also Tex. Health & Safety Code Ann. ' 481.032 (Vernon Supp. 2002)
(requiring the commissioner of public health to establish and modify the
schedules and requiring that the schedules be printed in the Texas Register).

It is undisputed that the substance
found on appellant was marijuana. 
Appellant admits as much on appeal, as he did at trial.  The officers involved in the shakedown
testified that they recognized the substance as marijuana.

Appellant nevertheless argues that,
as part of proving he possessed a controlled substance, the State was required
to prove that the marijuana within his possession was of a usable amount.  It is true that the record contains no direct
testimony that the amount of marijuana at issue here, 0.47 ounces, was a usable
amount.  The State counters that Tex. Penal Code Ann. ' 38.11(d) provides that a person
commits an offense if the person possesses a controlled substance or dangerous
drug while in a correctional facility, and that the statute does not require
proof of a usable amount.  We need not
reach this issue, however, as the amount of marijuana found in Koumijian=s underwear, almost a half-ounce, was
clearly a usable amount.








 In Carmouche v. State, 540 S.W.2d 701
(Tex. Crim. App. 1976), the Court of Criminal Appeals was faced with a similar
issue.  The Court stated, A[i]t would be difficult, if not
impossible, to conceive that a half ounce of any leafy substance would not be
sufficient to make several cigarettes.@ 
Id. at 702.  Construing Carmouche,
the Court further held in Lejeune v. State, 538 S.W.2d 775 (Tex. Crim.
App. 1976), A[i]t is clear . . .  that where at least one-fourth ounce of
marihuana is possessed the court will take judicial notice or infer that there
was a usable quantity of marihuana, even in absence of testimony as to usability.@ 
Id. at 779.  In Lejeune,
the Court believed that there would be no need to require a chemist or other
qualified witness to testify whether the amount involved was a usable
quantity.  Id. at 780.  It stated:

[I]t
would now be absurd to reverse this conviction so that such testimony could be
produced where in light of the amount involved proof of usability would be
superfluous.  It should be patently
obvious to everyone that >a little over a quarter of an ounce= or 7.7 grams is sufficient for use in a cigarette,
the use most commonly made of marijuana . . . or in a pipe.  Id.

 

Just as in Lejeune, we find here that the evidence is
legally sufficient that the marijuana involved was of a usable quantity even
without direct testimony on that issue. 
The quantity of marijuana was almost twice as much as the Court of
Criminal Appeals has recognized to be a usable amount.

Viewed in the light most favorable to
the verdict, we believe that the evidence is legally sufficient to show that
appellant possessed a controlled substance. 
We overrule appellant=s first point of error.

Factual
sufficiency--voluntary act

In his second point of error,
appellant argues that the evidence is factually insufficient to show he
committed a voluntary act.








Under a factual sufficiency standard
of review, we analyze all the evidence before us.  Unlike with the legal sufficiency standard,
the evidence is not viewed in the light most favorable to the verdict.  Rather, the evidence is assumed to be legally
sufficient and is judged as a whole.  Clewis
v. State, 922 S.W.2d 126, 128, 134 (Tex. Crim. App. 1996).  Only if the verdict was clearly wrong and
unjust will it be reversed.  Id.
at 129 (adopting the standard of review set forth in Stone v. State, 823
S.W.2d 375 (Tex. App.--Austin 1992, pet. ref=d, untimely filed)).  It is not enough that the reviewing court
feels that a different result would be more reasonable.  Id. at 135.  If there is even some evidence to support the
verdict, the verdict is usually conclusive. 
The reviewing court=s power is only to prevent manifest injustice.  Id.

Appellant cites Brown v. State,
35 S.W.3d 183 (Tex. App.--Waco 2000, pet. granted 6/20/2001, pet. ref=d 6/20/2001), in support of his
argument.  The appellant in Brown
was charged under Tex. Penal Code Ann.
' 38.11(b), for taking a controlled
substance into a correctional facility.  Id.
at 188.  In that case, because the
appellant had not voluntarily gone into the jail, the evidence was legally
insufficient to establish that he voluntarily took marijuana into the
jail.  Id. at 189.

We believe that appellant=s reliance on Brown is
misplaced.  Although appellant makes many
arguments that might be applicable if he had been charged under subsection (b)
of section 38.11, they are irrelevant here. 
Appellant was not charged with taking a controlled substance into a
correctional facility; rather, he was charged with possessing a controlled
substance while in a correctional facility, under Tex. Penal Code Ann. ' 38.11(d)(2).








A person commits an offense only if
he voluntary engages in conduct, including possession.  Tex.
Penal Code Ann. ' 6.01(a) (Vernon 1994). 
Possession, in turn, is voluntary Aif the possessor knowingly obtains or
receives the thing possessed or is aware of his control of the thing for a
sufficient time to permit him to terminate his control.@ 
Tex. Penal Code Ann. ' 6.01(b) (Vernon 1994); see also
Menchaca v. State, 901 S.W.2d 640, 651 (Tex. App.--El Paso 1995, pet. ref=d). 
Here, the evidence indicates that appellant was aware of the marijuana=s presence.  Appellant admitted this knowledge.   The marijuana had been within his possession
from before he was arrested until October 8, when the shakedown occurred.  He could have terminated his control before
or at the time of his arrest.  Within the
correctional facility, he had sufficient opportunity to terminate his
control.  As Sergeant Telles testified,
most inmates flush contraband items down the toilet.  Therefore, we find factually sufficient
evidence that appellant=s possession of the marijuana within the correctional
facility was voluntary.  We overrule
appellant=s second point of error.

Conclusion

We affirm the judgment of the trial
court.

                                                                        


SUSAN
LARSEN, Justice

June 27, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)