## MOORE *v.* UNITED STATES

No. 75–1692.   Decided October 18, 1976

Per Curiam.

John David Moore, Jr., was convicted in a bench trial of possession of heroin with intent to distribute it, in violation of 21 U. S. C. § 841 (a)(1).   In an unpublished order, the Court of Appeals summarily affirmed the judgment of conviction.

In early January 1975, police officers received a tip from an informant that Moore and others were in possession of heroin at "Moore's apartment."   The police obtained a search warrant and entered the apartment, where they found Moore lying face down near a coffee table in the living room.   Also present in the apartment was a woman who was sitting on a couch in the same room.   Bags containing heroin were found both on top of and beneath the coffee table, and they were seized along with various narcotics paraphernalia.

At a consolidated hearing on Moore's motion to suppress evidence and on the merits, the prosecution adduced no admissible evidence showing that Moore was in possession of the heroin in the apartment in which he and the woman were found other than his proximity to the narcotics at the time the warrant was executed.   Indeed, one police officer

testified that he did not find "any indications of ownership of the apartment." In his closing argument on the merits, however, the prosecutor placed substantial emphasis on the out-of-court declaration of the unidentified informant:

"[A] confidential informant came to Detective Uribe and said, 'I have information or I have—through personal observation, know that John David Moore resides at a certain apartment here in El Paso, Texas, and he is in possession of a certain amount of heroin.' "

In adjudging Moore guilty, the trial court found that he had been in close proximity to the seized heroin, that he was the tenant of the apartment in question, and that he had, therefore, been in possession of the contraband. In making these findings, the court *expressly* relied on the hearsay declaration of the informant:

"Information revealed by the confidential informant and relied upon in the preparation of the Affidavit disclosed that John David Moore was the occupant of Apartment # 60, Building # 7, Hill Country Apartments, 213 Argonaut, El Paso, Texas."

Defense counsel objected to the court's reliance upon hearsay evidence, but the judge refused to amend this finding except to add the phrase "at the time of the seizure" to the end of the sentence.

There can be no doubt that the informant's out-of-court declaration that the apartment in question was "Moore's apartment," either as related in the search warrant affidavit or as reiterated in live testimony by the police officers, was hearsay and thus inadmissible in evidence on the issue of Moore's guilt. Introduction of this testimony deprived Moore of the opportunity to cross-examine the informant as to exactly what he meant by "Moore's apartment," and what factual basis, if any, there was for believing that Moore was a tenant or regular resident there. Moore was similarly

deprived of the chance to show that the witness' recollection was erroneous or that he was not credible.[1] The informant's declaration falls within no exception to the hearsay rule recognized in the Federal Rules of Evidence, and reliance on this hearsay statement in determining petitioner's guilt or innocence was error.[2]

Although the only competent evidence of Moore's possession of the narcotics was his proximity to them in an apartment in which another person was also present and of which he was not shown to be the tenant or even a regular resident, the Solicitor General now argues that the error in admitting the hearsay evidence was harmless. That is far from clear. Whether or not the evidence of proximity alone, when viewed in the light most favorable to the prosecution, could suffice to prove beyond a reasonable doubt that Moore was in possession of the heroin, the fact is that the trial court did not find Moore guilty on that evidence alone.

The Government suggests that Moore's failure to testify or to adduce any evidence showing "that his presence in the apartment was unrelated to the heroin" highlights the alleged harmlessness of the error, but this suggestion can carry no weight in view of the elementary proposition that the prosecution bore the burden of proving beyond a reasonable doubt every element of the charged offense. Equally unpersuasive is the Government's argument that the error was probably harmless because Moore was convicted in a bench trial; whatever the merits of that argument as a general proposition, it has a hollow ring in a case where the trial judge expressly relied upon the inadmissible evidence in finding the defendant guilty.

---

[1] Moore moved to require disclosure of the informant's identity, but the Government opposed the motion and the trial judge denied it.

[2] Although we do not rely on the Government's confession of error, we note that the Solicitor General concedes that admission of the hearsay evidence on the question of Moore's guilt or innocence was improper.

The petition for a writ of certiorari is granted, the judgment of the Court of Appeals is vacated, and the case is remanded to that court so it may determine whether the wrongful admission of the hearsay evidence was harmless error.[3]

*It is so ordered.*

THE CHIEF JUSTICE, MR. JUSTICE BLACKMUN, and MR. JUSTICE REHNQUIST dissent from summary reversal and would set the case for oral argument.

---

[3] The Government also urges that petitioner's failure to suggest in his closing argument that consideration of the hearsay evidence be restricted to the suppression issue constituted a waiver of any objection to the District Judge's reliance on that evidence in determining guilt or innocence. The Court of Appeals has not passed on this question, and we leave it for resolution by that court on remand.