**Carlotta Marie COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00081 CR.**

Court of Appeals of Texas, Dallas.

Nov. 11, 1981.

On Motion for Rehearing Feb. 8, 1982.

Discretionary Review Granted May 19, 1982.

Douglas R. Larson, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, SPARLING and WHITHAM, JJ.

ON MOTION FOR REHEARING

ROBERTSON, Justice.

This is an appeal from a conviction for possession of marihuana under Tex.Rev.Civ. Stat.Ann. art. 4476–15, Sec. 4.05(a) (Vernon 1976) (the Controlled Substance Act). On original submission we held that the evidence is insufficient to sustain a conviction because there is no evidence regarding the quantity of marihuana possessed by appellant and, therefore, there is no evidence appellant possessed a usable amount of marihuana as required by the Controlled Substance Act. In its motion for rehearing, the State directs our attention to evidence proving that appellant possessed a usable quantity of marihuana. Accordingly, our prior opinion is withdrawn. Because of our prior disposition, we did not reach appellant's grounds of error. Appellant contends the trial court erred in permitting the arresting officer to testify that the substance appellant possessed was marihuana because

the officer was not sufficiently qualified as an expert in the identification of marihuana. Secondly, appellant contends the evidence is insufficient to sustain the conviction because the substance appellant possessed was not sufficiently identified as being marihuana. Finally, appellant contends the trial court erred in admitting evidence discovered as the result of an illegal search. We overrule appellant's grounds of error and affirm.

On the evening of October 31, 1976, Officer Rocky Julius Stevens, an officer with the Dallas Park Police, was on patrol in Thomas Hill Park. The officer saw a parked car in which two people were "jumping around in the front seat." The officer drove up in his marked car with his headlights pointed towards the occupants. The person on the driver's side of the car, a man, got out of the car and walked towards the police car. As the officer left his automobile he smelled the heavy odor of marihuana in the immediate area. The man walked up to the officer and kept trying to block his view of the other occupant of the car, a woman. The officer testified that the woman was moving around in the car. Officer Stevens finally told the driver to step aside as he wished to speak with the woman. The officer identified appellant as this woman. As he walked up to the car he saw her hide her purse underneath a sweater. The officer asked appellant for her purse and she handed it to him. Upon looking in the purse the officer discovered a cellophane bag containing marihuana. Enclosed in the bag were chopped up marihuana leaves, some stems, and a couple of marihuana cigarettes.

■ Appellant first contends that Officer Stevens, who was the only witness to testify, was not sufficiently qualified to identify the substance appellant possessed as marihuana. We do not agree. Officer Stevens testified that during his training at the police academy "they went over the general description of marihuana, color, what people usually carry it in, the smell of it when they burned it." Officer Stevens further testified that during his four years of experience as a police officer he had smelled burning marihuana on numerous occasions. Finally, Officer Stevens testified he had seen growing marihuana and had seen green leafy substances, like the substance possessed by appellant, that he had learned were marihuana. The officer's testimony was sufficient to show his qualifications to testify that the substance appellant possessed was marihuana. *Miller v. State*, 168 Tex.Cr.R. 570, 330 S.W.2d 466 (1959); *Hernandez v. State*, 137 Tex.Cr.R. 343, 129 S.W.2d 301 (1938). Appellant's ground of error one is overruled.

■ In her second ground of error appellant contends the evidence is insufficient to sustain a conviction because there was no evidence that the substance appellant possessed was marihuana. We do not agree. Officer Stevens testified that the substance was marihuana. Since Officer Stevens was qualified to so testify, the evidence is sufficient to show that appellant possessed marihuana.

■ In her final ground of error appellant contends the State failed to establish that probable cause existed to justify the warrantless arrest and search of appellant. We do not agree. As we have indicated, Officer Stevens testified he smelled the heavy odor of marihuana. The smell of marihuana supplies probable cause for an officer to believe that an offense is being committed in his presence and gives the officer probable cause to search for marihuana. This search may be conducted without a warrant under article 14.01(b) of the Code of Criminal Procedure. *Isam v. State*, 582 S.W.2d 441 (Tex.Crim.App.1979); *Razo v. State*, 577 S.W.2d 709 (Tex.Crim.App. 1979). Appellant's third ground of error is overruled.

■ Although appellant did not raise the issue in her brief, the dissenting member of

the panel is of the opinion that the evidence is insufficient because it was not shown that appellant possessed a usable quantity of marihuana. The State directs us to the following testimony:

Question: And the stuff you found in this bag—is it a plastic bag?

Answer: Yes sir.

Question: All right. The stuff you found in the plastic bag, did it have any stocks in it? Do you recall?

Answer: I don't recall.

Question: You don't recall. What were the leaves—what did they look like or what—was it leaves? How did you know it was leaves?

Answer: It was chopped up.

Question: It was chopped up real fine, wasn't it?

Answer: Well, not real fine. It

Question: A minute ago, you were saying you didn't remember. Now, which is it?
Answer: *Well, the fact that there were also a couple of marihuana cigarettes in there.*

Question: Well how do you know they were marihuana cigarettes?

Answer: I assumed that they were.

Question: You assumed that they were?

Answer: Yes, sir.

Question: *You are using the same—the same basis that this is what you assumed those to be marihuana cigarettes, you are using that as the same basis of what you thought was in that sack, too, right?*

Answer: *Yes, sir.*

(Emphasis added).

We note that the officer's testimony that there were a couple of marihuana cigarettes in the bag was based upon the same training and experience which we have found sufficient to qualify him to testify that the substance appellant possessed was marihuana. Likewise, the officer's training and experience were sufficient to qualify him to testify that there were a couple of marihuana cigarettes in the bag. Because of his training and experience, the officer was qualified to express the opinion objected to by the dissenting member of the panel. Accordingly, our prior opinion is withdrawn and the judgment of the trial court is affirmed.

Affirmed.

WHITHAM, Justice, dissenting.

I respectfully dissent. The officer's testimony was not sufficient to prove a usable quantity of marihuana.

The information in the present case charged that appellant "did unlawfully and knowingly possess a usable quantity of marihuana in an amount of less than two (2) ounces." At trial the only evidence regarding the amount of marihuana taken from appellant was the arresting officer's testimony that he opened appellant's purse and found "some" marihuana. When the State asked if "on this occasion, did this defendant knowingly possess a usable quantity of marihuana," appellant's objection to the question was sustained. The State did not pursue the matter nor did it establish the actual amount found other than to establish that it was less than two ounces. The marihuana was not introduced into evidence at trial.

On motion for rehearing the State urges consideration of the following testimony:

Question (by Mr. Larson): And the stuff you found in this bag—is it a plastic bag?

Answer (by Officer Stephen): Yes sir.

Question: All right. The stuff you found in the plastic bag, did it have any stocks in it? Do you recall?

Answer: I don't recall.

Question: You don't recall. What were the leaves—what did they look like or

what—was it leaves? How did you know it was leaves?

Answer: It was chopped up.

Question: It was chopped up real fine, wasn't it?

Answer: Well, not real fine. It had some bulky material in it. I am sure it had some stems in it.

Question: A minute ago, you were saying you didn't remember. Now, which is it?

Answer: Well, the fact that there were also a couple of marijuana cigarettes in there.

Question: Well how do you know they were marijuana cigarettes?

Answer: *I assumed* that they were.

Question: *You assumed* that they were?

Answer: *Yes, sir.*

Question: You are using the same—the same basis that this is what you assumed those to be marijuana cigarettes, you are using that as the same basis of what you thought was in that sack, too, right?

Answer: Yes, sir. (Emphasis added)

The State contends that the officer's testimony that there were two marihuana cigarettes in the bag is sufficient evidence to show a usable quantity of marihuana.

In my opinion the officer's testimony is not proof of the presence of two marihuana cigarettes. When asked how he knew they were marihuana cigarettes, the officer replied that he *assumed* they were. This assumption does not rise to the level of the type of evidence required to support a criminal conviction. The Court of Criminal Appeals, as recently as December 23, 1981, quoted an officer's testimony and held that an officer cannot assume that there might be a possible violation of the law. *McGlynn v. State*, No. 67,435 (Dec. 23, 1981) (not yet reported). Since the assumption is not evidence, there is no proof in the record to

show the existence of two marihuana cigarettes.

Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.05(a) (Vernon 1976) (the Controlled Substance Act) provides "[A] person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana." This statute repealed Tex.Penal Code art. 725b which contained no requirement that the amount of marihuana possessed be sufficient for use.[1] Because the statute requires, as an element of the offense, that the defendant possess a usable quantity of marihuana, the burden of proof is on the State to establish that element beyond a reasonable doubt. *Moore v. United States*, 429 U.S. 20, 21, 97 S.Ct. 29, 50 L.Ed.2d 25 (1976); *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). In this case there was no testimony regarding the quantity of marihuana possessed by appellant, no stipulation in the record regarding the quantity and the marihuana was not introduced at trial. The State thus failed to prove that the marihuana in question was a usable amount as required by the Controlled Substances Act.

I do not contend that expert witness testimony is required in order to establish that the quantity of marihuana possessed by a defendant is a usable quantity although I note that in *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr.App.1976) the court encouraged such proof by saying "Hopefully prosecutors in the future, since expert witness testimony *is necessary in most cases to* establish the substance in question is marihuana, will take a few seconds longer to establish through such witness that the amount of marihuana involved is a 'usable quantity.'" Id. at 780. Nor do I argue that a court may not take judicial notice that a certain amount of marihuana is a usable amount. *See Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr.App.1976); *Lejeune v. State, supra.* I am simply of the view that where the State fails to establish in any way that the amount of marihuana possessed by a de-

1. For a discussion of the case law decided under the former penal code and the legislative intent in enacting the current law see *Lejeune v. State*, 538 S.W.2d 775 (Tex.Crim.App.1976).

fendant is a usable amount, a conviction cannot be sustained.