**UNITED STATES, Appellee,**

v.

**Private First Class Travis M. CORPENING, 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, United States Army, Appellant.**

**ACMR 9201126.**

U.S. Army Court of Military Review.

29 Oct. 1993.

For Appellant: Captain Robert L. Carey, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Richard A.

Cefola, JAGC, USAR, Major Kenneth T. Grant, JAGC (on brief).

Before WERNER, Senior Judge, and LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Senior Judge:

The appellant was convicted, contrary to his pleas, of wrongful possession of marijuana with the intent to distribute, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988) [hereinafter UCMJ]. A general court-martial composed of officer members sentenced him to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the adjudged sentence.

The appellant has assigned two errors. First, he contends that the evidence establishing his guilt was obtained by way of an illegal search and seizure. Second, he maintains the government did not prove beyond a reasonable doubt that he exercised the requisite dominion and control over the marijuana. We agree with the appellant that the evidence is legally insufficient to support the finding of guilt. Accordingly, we will not address the first assigned error.

## I.

Special Agent (SA) Lopez, a criminal investigator assigned to the Fort Bragg District Criminal Investigation Division (CID) office, testified that an informant told him that the appellant and another soldier were involved in a scheme to possess and distribute cocaine. On the basis of this information, SA Lopez and several other CID investigators conducted surveillance of the appellant's home in an attempt to discover criminal activity. When their initial efforts proved fruitless, SA Lopez asked the informant to contact the appellant. Two days after their surveillance had begun, CID investigators observed the appellant, a Private First Class (PFC) Scales, and two women exit the appellant's home and depart the installation in a silver Ford Mustang. Instead of trailing the vehicle, the investigators waited at the entrance to Fort Bragg for its return. When the vehicle returned to the installation, the investigators searched it and discovered a shoe box containing marijuana in the rear hatchback.[1] Although the appellant was in the vehicle when it was stopped, no evidence was presented to establish he owned or had been driving the vehicle. The CID's subsequent search of the appellant's person and his home failed to reveal any contraband.

## II.

■ Our power to overturn a finding of guilty from a court-martial derives from Article 66(c), UCMJ, which permits affirmance of approved findings that are "correct in law and fact." The test for legal sufficiency is whether, considering the evidence in the light most favorable to the prosecution, a reasonable fact-finder could have found all the essential elements of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ An accused may be convicted of wrongful possession of illicit drugs either by proof of actual physical control or by knowingly exercising dominion and control over the contraband, that is, "constructive possession." *United States v. Wilson*, 7 M.J. 290 (C.M.A.1979). The mere presence of an accused on the premises where an illicit drug is found or his proximity to a proscribed drug is, of itself, insufficient to support a conviction based on constructive possession of the drug. *Id.* at 294; *Moore v. United States*, 429 U.S. 20, 97 S.Ct. 29, 50 L.Ed.2d 25 (1976); *United States v. Gainey*, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965). The government must also establish that the appellant had the

---

**1.** The defense questioned whether the driver, who was not identified at trial, consented to the search. Though the military judge found that the driver did not consent to the search, he upheld it as a valid warrantless search of an automobile.

right to or was in a position to exercise dominion and control over the drugs. *Wilson*, 7 M.J. at 293.

 The government based its case against the appellant solely upon evidence that he was present in a vehicle in which marijuana was found. It did not show that he had sufficient control over the vehicle to the extent that a rational trier of fact could infer he knew of or was otherwise responsible for its contents. Passengers of a vehicle may be in constructive possession of contraband found in that vehicle. *United States v. Salazar*, 983 F.2d 778 (7th Cir. 1993) (evidence sufficient to convict passenger of possession of cocaine where cocaine was found under box beneath driver's seat and passenger had helped arrange sale, knew cocaine was in the car and was ready to complete sale to undercover officer). Here, however, the government did not present "some action, some word, or some conduct that link[ed] [the appellant] to the narcotics [indicating] that he had some stake in them, some power over them." *United States v. Pardo*, 636 F.2d 535, 549 (D.C.Cir.1980). As there was no other competent evidence, other than that presented above, to connect the appellant to the marijuana, we cannot conclude that the appel-

lant knowingly possessed the marijuana with the intent to distribute it.

The record indicates there was other evidence available which might have established the appellant's guilt but which was never presented to the court members. During a pretrial hearing, the government presented evidence that the appellant was the owner of the silver Mustang wherein the marijuana was found. However, this evidence was not reintroduced for the court members during the government's case-in-chief. Moreover, latent fingerprints lifted from the shoe box and its contents (*i.e.* the baggies containing marijuana) apparently implicated the appellant in the crime. However, this damning evidence, which would have connected the appellant to the contraband, was not proffered to the court.[2]

The findings of guilty and the sentence are set aside. The charges are dismissed.

LANE and RUSSELL, JJ., concur.

---

2. Trial counsel did ask the military judge to take judicial notice of a laboratory report which contained the incriminating fingerprint evidence, but the military judge properly declined to do so. *See United States v. Murphy*, 23 M.J. 310 (C.M.A.1987).