**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4859

WILBERT LEE GOODEN, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-98-53)

Submitted: July 30, 1999

Decided: August 20, 1999

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tanya L. Lomax, TANYA L. LOMAX, P.C., Portsmouth, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Darryl J.
Mitchell, Special Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wilbert Lee Gooden, Jr., appeals from a 160-month sentence imposed following his convictions for one count of possession with the intent to distribute crack cocaine, 21 U.S.C.§ 841(a) (1994), and three counts of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g) (West Supp. 1999). Because we have reviewed the record and found no reversible error, we affirm.

Gooden first challenges several of the district court's evidentiary rulings. We will reverse a district court's decision to admit or exclude evidence only if the court abused its discretion and acted arbitrarily or irrationally. See United States v. Achiekwelu , 112 F.3d 747, 753 (4th Cir.), cert. denied, 118 S.Ct. 250 (1997). We find that the district court did not abuse its discretion when it refused to permit cross-examination to elicit hearsay information contained in the affidavit supporting the search warrant. See Moore v. United States, 429 U.S. 20, 21-22 (1976) (per curiam). The district court did not abuse its discretion when it refused to permit the defense to re-question witness Alvin Hill because Hill explained the inconsistencies between his prior testimony and trial testimony during the Government's cross-examination, and further testimony of this point would have been merely repetitive. See United States v. Castner , 50 F.3d 1267, 1272 (4th Cir. 1995) (district court has the authority to exercise reasonable control over the interrogation of witnesses to ensure the effective determination of the truth and to avoid repetition and a needless waste of time).

Further, the district court did not abuse its discretion when it ruled that Gooden's 1995 felony conviction for possession of cocaine would be admissible if Gooden raised the issues of intent and knowledge. This preliminary ruling was correct under the plain language of Fed. R. Evid. 404(b). Because the nature of the conviction was never revealed to the jury, we decline to address whether, had the evidence been admitted, the probative value would have been substantially outweighed by the prejudicial effect. See Luce v. United States, 469 U.S. 38, 41 (1984) (interpreting Fed. R. Evid. 609 and noting that a "reviewing court is handicapped in any effort to rule on subtle evidenti-

2

ary questions outside a factual context," especially where the rule of evidence directs the weighing of the probative value and the prejudicial effect of evidence).

We also find that, viewing the evidence in a light most favorable to the Government, there is substantial evidence to support the jury's verdict. See United States v. Gray, 137 F.3d 765, 772 (4th Cir.), cert. denied, 119 S.Ct. 157 (1998). We note that the defense agreed to a jury instruction stating that the parties had stipulated that Gooden was a convicted felon whose rights to possess a firearm had not yet been restored. Gooden invited the claimed error by his agreement to this instruction, so no relief is warranted. See United States v. Jackson, 124 F.3d 607, 616-17 (4th Cir. 1997), cert. denied, 118 S.Ct. 733 (1998).

We affirm Gooden's convictions and his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3