**In re D.K.**

[Cite as *In re D.K.*, 185 Ohio App.3d 355, 2009-Ohio-6347.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–09–008.

Decided Dec. 4, 2009.

James Joel Sitterly, for appellant.

Russell V. Leffler, Huron County Prosecuting Attorney, and Dina Shenker, Assistant Prosecuting Attorney, for appellee.

Singer, Judge.

{¶ 1} Appellant appeals his adjudication as an unruly child in the Huron County Court of Common Pleas, Juvenile Division. For the reasons that follow, we reverse.

{¶ 2} On February 6, 2009, someone found some textbooks and notebooks that had been left behind in a social studies classroom at New London High School. The found material was turned into the school office where it was examined by the school's principal to determine ownership.

{¶ 3} According to the principal, as he looked through the notebooks, he saw writings and drawings that he found disturbing. One document, apparently song lyrics, included the words, "[T]eachers need to die/ teachers need to run/ run far away/ so we can't hear them cry/ they cry late at night/ when no one can see the/ blood streaked sheets/ I know what you did." Another, in the form of a poem, said, "I will kill you/ you can't stop me/ no one can." There were several other poems with death or killing themes and drawings captioned "Death Vision," "Death Tub," "Death Table," and "Death Chair." The principal ascertained that the material belonged to appellant, then 14–year–old D.K.

{¶ 4} The principal later testified that the school's code of student conduct prohibits materials that can be viewed as threatening, harmful, or disruptive to the educational process. According to the principal, he viewed the drawings and writings belonging to appellant as violations of the student conduct code. Moreover, the principal testified, appellant had previously been disciplined for having similar writings while in junior high school.

{¶ 5} On March 9, 2009, the state filed a complaint alleging that appellant was unruly in that "he brought a folder to school that contained disturbing song lyrics and pictures, after being suspended in the past for a similar incident." On March 27, 2009, appellant entered a denial to the allegations, and the matter proceeded to a hearing on the complaint.

{¶ 6} At that hearing, the state presented only one witness, the high-school principal. The principal identified the drawings and lyrics that had been found and testified to the school's policy with respect to threatening or harmful material. Over appellant's objection, the principal also testified to having seen documents in appellant's folder concerning the prior incident in junior high school. At the close of the state's case, the drawings and lyrics were admitted into evidence. The court overruled appellant's motion for a "directed verdict." Appellant rested, following which the court found the allegations in the complaint proven and adjudicated appellant unruly. The court then placed appellant on community control until further order, directing that he submit to a mental-health assessment and ordering that he be maintained in house arrest.

{¶ 7} From this judgment, appellant now brings this appeal, setting forth the following four assignments of error:

{¶ 8} "I.   State failed to meet its constitutional burden of proof beyond a reasonable doubt on the charge of criminal trespass [sic] when it failed to introduce sufficient evidence that Child/Appellant was unruly."

{¶ 9} "II.   The court abused its discretion to admit or disallow evidence by accepting testimony in place of documents State was required to evidence [sic]."

{¶ 10} "III.   The court abused its discretion when it ruled the school's discipline records satisfy the prima facie [sic] for an unruly."

{¶ 11} "IV.   The court abused its discretion, in violation of both the Confrontation Clause and the Business Records Exception, when it ruled the vice principal for the high school could testify about child's disciplinary records in place of the person who drafted the records."

{¶ 12} An "unruly child" is statutorily defined, inter alia, as "[a]ny child who does not submit to the reasonable control of the child's parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient." R.C. 2151.022(A).   Although being "unruly" is a status offense,[1] the standard of proof to establish unruliness is, nonetheless, "beyond a reasonable doubt." Juv.R. 29(E)(4).

{¶ 13} In his second assignment of error, appellant insists that the trial court abused its discretion in permitting the introduction of copies of the documents found at the high school over his best evidence objection.   Evid.R. 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."   Appellant has never challenged the authenticity of the documents admitted, nor has he articulated any manner in which the admission of these documents operated to his unfair prejudice.   Accordingly, appellant's second assignment of error is not well taken.

{¶ 14} Appellant's other assignments of error are interrelated and will be discussed together.   Appellant argues that there was insufficient evidence presented during the adjudicatory hearing to prove all of the elements of unruliness. Specifically, appellant maintains that even if, arguendo, the documents presented establish a single instance of misbehavior, the state did not properly prove *habitual* misbehavior.   Habitual misbehavior, appellant insists, constitutes at a minimum more than one qualifying act.   Since the only evidence of a prior

---

1.   A legal sanction for noncriminal behavior by a minor.   See Davis, Scott, Wadlington, and Whitebread, Children and the Legal System (1983) 602 et seq.

qualifying act was the improperly admitted hearsay testimony of the high school principal concerning a junior-high-school suspension, the state failed to meet its burden, according to appellant.

{¶ 15} When examining the sufficiency of the evidence presented, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541. Specifically, we must determine whether the state has presented evidence that, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390, 678 N.E.2d 541 (Cook, J., concurring); *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. See also *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132; *State v. Barnes* (1986), 25 Ohio St.3d 203, 25 OBR 266, 495 N.E.2d 922.

{¶ 16} The high-school principal testified that there were documents and correspondence in school files that showed that appellant had been suspended from junior high school for much the same behavior as that presently represented. Appellant objected to this testimony as inadmissible hearsay. The juvenile court overruled appellant's objection. On appeal, appellant argues that not only was the court's ruling erroneous, it violated his Sixth Amendment right to confrontation.

{¶ 17} " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is presumptively inadmissible, unless excluded from the rule by law or other rule. Evid.R. 802; 1 Weissenberger, Ohio Evidence (1995), Section 801.1. Evid.R. 803 and 804 provide multiple exceptions by which hearsay may become admissible. If a trial court relies on inadmissible hearsay to determine guilt, the result is that the admission of hearsay is prejudicial. *State v. Sorrels* (1991), 71 Ohio App.3d 162, 165, 593 N.E.2d 313, citing *Moore v. United States* (1976), 429 U.S. 20, 97 S.Ct. 29, 50 L.Ed.2d 25.

{¶ 18} "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Evid.R. 805.

{¶ 19} The Sixth Amendment to the United States Constitution guarantees the right of an accused to confront witnesses against him or her. The admission of hearsay may implicate the Confrontation Clause because the accused may be

denied the right to cross-examine an out-of-court declarant. *Crawford v. Washington,* (2004) 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177. This is not the case when the declarant testifies at trial and is subject to cross-examination. Id. at 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177.

{¶ 20} "Testimonial" evidence is that evidence created in circumstances under which the objective witness reasonably believes such evidence would be available for use at a later trial. Id. at 52, 124 S.Ct. 1354, 158 L.Ed.2d 177; *State v. Stahl,* 111 Ohio St.3d 186, 2006-Ohio-5482, 855 N.E.2d 834, paragraph one of the syllabus. When evidence is (1) testimonial, (2) the declarant is unavailable, and (3) the declarant was not subject to prior cross-examination, the admission of such testimony violates the Confrontation Clause. Id. at 68, 124 S.Ct. 1354, 158 L.Ed.2d 177. "Non-testimonial" hearsay evidence does not implicate the Constitution and may be admissible, subject to local rules of evidence. Id. at 60–61, 124 S.Ct. 1354, 158 L.Ed.2d 177; *State v. Muttart,* 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944, ¶ 59. The *Crawford* court noted that, historically, "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records." *Crawford,* 541 U.S. at 56, 124 S.Ct. 1354, 158 L.Ed.2d 177.

{¶ 21} In Ohio, certain types of reports akin to business records have been held nontestimonial. *State v. Crager,* 116 Ohio St.3d 369, 2007-Ohio-6840, 879 N.E.2d 745, paragraph two of the syllabus (DNA reports); *State v. Craig,* 110 Ohio St.3d 306, 2006-Ohio-4571, 853 N.E.2d 621, ¶ 82 (autopsy reports). Subsequently, however, *Crager* was vacated by the United States Supreme Court and remanded to the Ohio Supreme Court for reconsideration in view of the court's opinion in *Melendez–Diaz v. Massachusetts* (2009), 557 U.S. ——, 129 S.Ct. 2527, 174 L.Ed.2d 314.

{¶ 22} In *Melendez–Diaz,* a defendant convicted of cocaine trafficking challenged the propriety of the admission into evidence, without in-court testimony from a lab analyst, of a certificate from a state laboratory identifying a seized substance as cocaine. The *Melendez–Diaz* court held that such a certificate was within a core class of testimonial statements, " 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' " Id. at ——, 129 S.Ct. at 2532, 174 L.Ed.2d 314, quoting *Crawford v. Washington,* 541 U.S. at 52, 124 S.Ct. 1354, 158 L.Ed.2d 177. As such, the statement was not removed from coverage of the Confrontation Clause because it was not "accusatory," *Melendez–Diaz,* 557 U.S. at ——, 129 S.Ct. at 2533, 174 L.Ed.2d 314; "conventional," id. at ——, 129 S.Ct. at 2534, 174 L.Ed.2d 314; "neutral," id. at ——, 129 S.Ct. at 2536, 174 L.Ed.2d 314; or "akin to the types of official and business records admissible at common law," id. at ——, 129 S.Ct. at 2538, 174 L.Ed.2d 314.

{¶ 23} It seems clear that the junior-high-school disciplinary records at issue here were accusatory and, at a minimum, were created for use in further disciplinary proceedings. It might also reasonably be expected that such documents would be used in proceedings such as those in the present matter. This being the case, the evidence was testimonial, entitling appellant to confront its author.

{¶ 24} Even if the disciplinary records were not testimonial, such evidence is still inadmissible. It is important to note that the records themselves were never introduced into evidence. What was admitted was testimony from the high-school principal that he had seen the records and that the records indicated that there had been prior discipline in similar circumstances. There was no testimony that the high-school principal had any direct knowledge of the events recorded in the junior-high disciplinary records. While the principal, arguably, laid the foundation to establish that he was custodian of the records, such a foundation is limited to showing the admissibility of the "records." See Evid.R. 803(6) and 803(8). The principal never established that he had personal knowledge of the events recorded in those records sufficient to satisfy Evid.R. 602. Absent the establishment of such competence, the principal's testimony about the contents of the records was inadmissible. *Yoder v. Hurst*, 10th Dist. No. 07AP–121, 2007-Ohio-4861, 2007 WL 2729423, ¶ 32.

{¶ 25} Consequently, the trial court abused its discretion to appellant's prejudice in admitting incompetent or inadmissible hearsay testimony concerning appellant's prior discipline. Accordingly, appellant's third and fourth assignments of error are well taken.

{¶ 26} Because such inadmissible evidence was the only evidence admitted to prove the necessary element of habitual disobedience, there was insufficient evidence presented to establish an offense under R.C. 2151.022(A), as charged. Accordingly, appellant's first assignment of error is well taken.

{¶ 27} On consideration, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is reversed. It is ordered that appellee pay the court costs of this appeal pursuant to App.R. 24.

Judgment reversed.

HANDWORK and PIETRYKOWSKI, JJ., concur.