[Cite as *State v. Daly*, **2012-Ohio-4151.**]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                :        APPEAL NO. C-110602
                                                       TRIAL NO. C-11TRC-14216(A)
    Plaintiff-Appellee,          :
                                                          *O P I N I O N.*
  vs.                                     :

ANTHONY V. DALY,                             :

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 14, 2012


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Matthew T. Ernst*, for Defendant-Appellant.


Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    In one assignment of error, defendant-appellant Anthony Daly claims that his conviction for operating a motor vehicle while under the influence of alcohol was improper.  We disagree.

{¶2}    Daly was involved in a single-car accident.  By the time sheriff's deputies arrived at the scene, Daly had been placed in an ambulance.  The investigating deputy noticed a strong odor of an alcoholic beverage coming from Daly.  He noticed that Daly's speech was slurred, and that Daly's eyes were glassy and bloodshot.  At the hospital, Daly acknowledged that he had been driving, but refused to submit to any testing that would determine his blood-alcohol content.  Daly was charged with violating R.C. 4511.19(A)(1)(a), which states that "[n]o person shall operate any vehicle * * * if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."  Additionally, he was charged under R.C. 4511.19(A)(2)(b), which prohibits individuals, after being arrested for operating a vehicle while under the influence ("OVI"), from refusing to submit to a chemical blood-alcohol test if they have been convicted of an OVI offense within the previous 20 years.  Daly was also cited for traffic offenses, which are not the subject of this appeal.

{¶3}    Daly entered a plea of not guilty and the matter proceeded to a bench trial.  Daly stipulated that he had previously been convicted of an OVI offense in 1998, within the 20-year "look-back" period of R.C. 4511.19(A)(2)(b).  After hearing from two deputies, the trial court found Daly guilty of violating R.C. 4511.19(A)(1)(a), but not guilty of violating R.C. 4511.19(A)(2)(b).  In so finding, the trial court said that:

2

[b]ased on the totality of circumstances, including but not limited to, the strong odor of alcohol coming from inside the vehicle and from the defendant's person, the slurred speech, * * * Deputy Losekamp said he was very difficult, hard to understand, circumstances surrounding the accident, watery, bloodshot eyes * * * taking into account the refusal to submit to the blood test, I'm gonna find you guilty.

{¶4} After some additional brief comments, the trial court added "taking into account his prior 1998 OVI conviction umm - - there's going to be a guilty finding * * * on the A(1)(a)."

{¶5} On appeal, Daly argues that his conviction was improper because the trial court expressly relied on his prior OVI conviction, which was not an element of the offense under R.C. 4511.19(A)(1)(a). When reviewing a bench trial, the appellate court presumes that the trial court considered "only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ____ N.E.2d ____, ¶ 195, quoting *State v. Post*, 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (1987).

{¶6} In this case, the trial court had found Daly guilty prior to referencing his 1998 OVI conviction. Thus, the trial court had reached its decision at that point, and it had listed the factual determinations that supported its decision. The finding of guilt was based on several relevant factors, outlined above, all of which were competent factors in determining his guilt. The fact that, after finding Daly guilty, the trial court mentioned the prior conviction—a conviction to which Daly had stipulated and which was an element of the charged R.C. 4511.19(A)(2)(b) offense— does not change this result. In light of the deference that this court must give the

3

determination of the trial court, Daly's conviction under R.C. 4511.19(A)(1)(a) cannot be reversed due to a misstatement by the trial court, which was made after guilt had been determined. Therefore, we overrule Daly's sole assignment of error.

{¶7}    Having considered and overruled Daly's sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

SUNDERMANN, P.J., concurs.
CUNNINGHAM, J., dissents.

CUNNINGHAM, J., dissenting.

{¶8}    When this court reviews a bench trial in a criminal case, we presume that the "court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65 (1968). This presumption is overcome, however, when the trial court affirmatively states that it relied on inadmissible evidence. *See Moore v. United States*, 429 U.S. 20, 22, 97 S.Ct. 29, 50 L.Ed.2d 25 (1976). *Compare State v. Post*, 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (1987) (holding that absent an indication that the three-judge panel was influenced by or considered the victim impact evidence in arriving at its sentencing decision, the admission of the victim impact evidence at the mitigation hearing did not constitute prejudicial error.)

{¶9}    Daly's prior OVI conviction was not admissible under the Rules of Evidence to establish his propensity to violate R.C. 4511.19(A)(1)(a) in March 2011, and the use of the evidence for that purpose conflicts with the policies underlying the right to a fair trial under the Due-Process Clause. *See* Evid.R. 404; *Bringer v. United States*, 338 U.S. 160, 174, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *People v. Zackowitz*, 254 N.Y. 192, 197, 172 N.E. 466 (1930).

4

{¶10} Thus, the proper inquiry is whether the record affirmatively shows that the trial court relied on the inadmissible evidence as substantive evidence of guilt. The majority's refusal to find error based on the timing of the court's declaration ignores the reality that the trial court made only one determination of guilt.

{¶11} Here, the trial court stated that it had relied on Daly's prior conviction as substantive evidence of the R.C. 4511.19(A)(1)(a) offense, and it did not correct itself after defense counsel objected and brought the error to the trial court's attention. Therefore, the error affirmatively appears on the record.

{¶12} The state argues that the trial court's reliance on the prior conviction in determining Daly's guilt was harmless in light of the other evidence to support the conviction. This court must ignore errors that do not affect the substantial rights of the defendant. Crim.R. 52(A). The Ohio Supreme Court has repeatedly held that "[e]rror in the admission of evidence is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. In order to hold the error harmless, the court must be able to declare a belief that the error was harmless beyond a reasonable doubt." *State v. Bayless*, 48 Ohio St.2d 73, 106, 357 N.E.2d 1035 (1976), paragraph seven of the syllabus, *vacated in part on other grounds*, 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155 (1978).

{¶13} I am not persuaded that Daly would have been convicted absent the inadmissible evidence. *See State v. Allen*, 29 Ohio St.3d 53, 55, 506 N.E.2d 199 (1987).

{¶14} The inference of conforming conduct was particularly strong because the prior conviction involved the exact same crime. And, as demonstrated below, the strength of each one of the remaining factors that the trial court relied upon in determining guilt was diluted in some way at trial, leading me to conclude that the

evidence of the prior conviction affected the court's weighing of the evidence on these other factors in a way prejudicial to Daly.

{¶15} According to Deputy Losekamp, who responded to the scene, Daly's accident occurred on a dark, slippery, and curvy stretch of roadway that had been the site of previous accidents. Further, Losekamp conceded that the accident could have caused Daly's slurred speech and glassy, watery, and bloodshot eyes because Daly had suffered a serious head injury, and a large quantity of talcum powder had been disbursed into the car when the front and side airbags had deployed.

{¶16} Further, while Losekamp and Deputy Butler, who interviewed Daly at the hospital, both testified that that they had smelled alcohol on Daly's breath, the emergency room medical record did not contain any reference to alcohol in Daly's system or on his breath. And a notation in these records states that Daly was "conversing and answering questions without difficulty."

{¶17} Additionally, the trial court's reliance on Daly's refusal to take a chemical blood-alcohol test as a factor supporting a finding of guilt was undermined by the court's determination that Daly had not violated R.C. 4511.19(A)(2)(b). This statute prohibits individuals, after being arrested for operating a vehicle while under the influence ("OVI"), from refusing to submit to a chemical blood-alcohol test if they have been convicted of an OVI offense within the previous 20 years. Daly stipulated to his prior OVI offense for purposes of the R.C. 4511.19(A)(2)(b) offense.

{¶18} Finally, the trial court stated that it was a "tough call" when he overruled Daly's motion for an acquittal.

{¶19} Because, on this record, there is a reasonable possibility that the prior-OVI evidence may have contributed to Daly's conviction, I cannot say that the trial

court's error was harmless beyond a reasonable doubt. *See Allen*, 29 Ohio St.3d at 55, 506 N.E.2d 199, citing *Bayless*, 48 Ohio St.2d 73, 357 N.E.2d 1035, paragraph seven of the syllabus. I would reverse Daly's conviction and remand the cause for a new trial.

Please note:

The court has recorded its own entry on the date of the release of this opinion.